09-0003-ag
Chen v. Holder

BIA
Abrams, IJ
A098-772-181

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
      RALPH K. WINTER,
      GUIDO CALABRESI,
      PETER W. HALL,
         <u>Circuit Judges</u>.

_____

XIONG CHEN,
      <u>Petitioner</u>,

      v.                         09-0003-ag
                                     NAC

ERIC H. HOLDER, UNITED STATES
ATTORNEY GENERAL,
      <u>Respondent</u>.

_____

FOR PETITIONER:      Eric Zheng, New York, New York.

FOR RESPONDENT:      Michael F. Hertz, Acting Assistant Attorney General; Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation; Mona Maria Yousif, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Petitioner, Xiong Chen, a native and citizen of the People's Republic of China, seeks review of the December 8, 2008 order of the BIA affirming the June 8, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Xiong Chen, No. A 098 772 181 (B.I.A. Dec. 8, 2008), aff'g No. A 098 772 181 (Immig. Ct. N.Y. City June 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008).

As an initial matter, we lack jurisdiction to address Chen's challenge to the IJ's denial of his claims for withholding of removal and CAT relief because he failed to exhaust any challenge to the denial of that relief before the BIA. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir. 2006). As the government argues, Chen also failed to exhaust any claim before the BIA that the fines imposed upon him and the psychological harm he suffered as a result of his wife's allegedly forced sterilization constituted persecution. While this failure to exhaust before the agency arguments raised before this Court is not jurisdictional, Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007), this

2

judicially imposed exhaustion requirement is mandatory.  We decline to consider this unexhausted issue.[*]  See id. at 124.

Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination, which was based in part on inconsistencies in the record and the IJ's assessment of Chen's demeanor.  See Corovic, 519 F.3d at 95. Chen argues that the BIA erred in affirming those findings because the BIA noted their existence but did not specifically discuss them.  That argument lacks merit because we review the IJ's findings where, as here, the BIA adopts them.  See Yan Chen, 417 F.3d at 271.  The IJ identified two inconsistencies within Chen's testimony concerning when his wife was forcibly sterilized.  The IJ also found that Chen's testimony was evasive at specific points during his merits hearing.  This Court has emphasized that because demeanor is "virtually always evaluated subjectively and intuitively," an IJ's assessment of an applicant's demeanor merits "great deference."  See Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir. 2006).  We accord such deference here.

It was also reasonable for the IJ to find implausible Chen's testimony that family planning authorities sought his sterilization even though his wife had already been sterilized.  Although Chen argues that this finding was impermissibly speculative because record evidence indicates that the Chinese government uses sterilization as a form of punishment, he points to no record evidence supporting his assertion.  Although Chen correctly asserts that the Department of State's 2000 Country Report on Human Rights Practices for China states that officials are under pressure to show declining birth rates, that report does not indicate

---

[*] Chen also asserts that the BIA erred in finding that the IJ's adverse credibility determination was dispositive of his entire appeal because the IJ specifically found that he demonstrated that he was subject to a substantial fine for his violation of the family planning policy. However, because Chen only raised a challenge to the IJ's adverse credibility determination before the BIA, the BIA did not err in limiting its decision to the sole issue raised before it.

that family planning officials would sterilize both spouses in attempt to meet such targets. Chen cites to a transcript of a hearing before the Committee on International Relations, a document that he did not submit before the agency. We decline to address this document because we will not remand for the BIA to consider evidence that was not included in the administrative record. See 8 U.S.C. § 1252(b)(4)(A); Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269-70 (2d Cir. 2007). Moreover, the IJ adequately explained what he found implausible about Chen's testimony and created a sufficient record to support that finding. See Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir. 2007) (finding that where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence because it is tethered to the record); cf. Poradisova v. Gonzales, 420 F.3d 70, 77 (2d Cir. 2005) (explaining that this Court requires only "a certain minimum level of analysis from the IJ and BIA opinions denying asylum" in order for judicial review to be meaningful).

Having found that Chen's testimony was not otherwise credible, the agency properly found that Chen's corroborating evidence could not cure his testimonial deficiencies. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Because substantial evidence supports the IJ's adverse credibility determination, the agency did not err in denying Chen's application for asylum. 8 U.S.C. § 1101(a)(42); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk